FILED

December 15, 2017

TN COURT OF
WORKERS' COMPENSATION
CLAIMS

Time 1:31 PM



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
# IN THE COURT OF WORKERS' COMPENSATION CLAIMS
# AT KINGSPORT

| | | |
|---|---|---|
| DAVID MOFFITT, | ) | Docket Number: 2016-02-0282 |
| **Employee,** | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| ALLIED METALS COMPANY, | ) | State File Number: 40249-2016 |
| **Employer,** | ) | |
| | ) | |
| and | ) | |
| | ) | |
| FFVA MUTUAL INSURANCE CO., | ) | Judge Brian K. Addington |
| **Insurance Carrier.** | ) | |

## COMPENSATION HEARING ORDER

This matter came before the Court on December 4, 2017, for a Compensation Hearing. The parties stipulated that Mr. Moffitt suffered a compensable lumbar injury on March 26, 2015. The central legal issue is the compensability of Mr. Moffitt's claim for a cervical injury on the same date. The Court finds Mr. Moffitt failed to prove the causation of his cervical injury. Therefore, the Court holds that Mr. Moffitt suffered a compensable lumbar injury for which he is entitled to permanent partial disability benefits, but he did not suffer a compensable cervical injury.

### History of Claim

Mr. Moffitt worked as a welder at Allied Metals. On March 26, 2015, he stood on a table to help two co-workers bend metal. Once the process was over, he twisted and jumped to the ground. He testified he immediately felt pain in his right arm and low back. He told co-worker Roger Hensley that he hurt his back when he jumped off the table. Mr. Moffitt then told supervisor Bruce Hall that he injured his back and the pain travelled into his leg. Mr. Moffitt did not request medical treatment but finished his shift

1

and went home. Mr. Hensley and Mr. Hall disputed Mr. Moffitt's testimony that he complained of arm pain.

The next morning Mr. Moffitt's wife called Mr. Hall and requested medical treatment for Mr. Moffitt. Allied's secretary directed Mr. Moffitt to pursue medical treatment at Medworks. Mr. Moffitt testified that he complained of hand pain during the examination that day, but the records reflect no mention of same. The records also reflected no treatment for neck or arm pain. Dr. Michael Anders focused treatment on his low back and diagnosed an acute low-back strain.

Dr. Anders provided the following work restrictions: no lifting, pushing, or pulling over five pounds; no lifting, pushing, or pulling with either arm over five pounds; no work with the arms above shoulder level; no work with repetitive or prolonged forward bending or twisting; no work with repetitive or prolonged kneeling, squatting, or climbing; work must allow alternate sitting and standing; and an eight-hour a day work limit.

Mr. Moffitt provided these restrictions to Allied and signed a form stating that he initially refused medical treatment. Supervisor Hall informed Mr. Moffitt that Allied would accommodate his restrictions and for him to request help if he needed it.

Mr. Moffitt returned to work on March 30 and continued to work eight-hour shifts. Dr. Anders continued to reflect Mr. Moffitt's low-back pain, so Dr. Anders ordered a lumbar MRI. After continued complaints, Dr. Anders referred Mr. Moffitt to a spine specialist.

Mr. Moffitt chose Dr. Richard Duncan from a panel of physicians. Dr. Duncan treated Mr. Moffitt only for low-back pain, and his records do not reference any arm pain at that time. Later, Dr. Duncan diagnosed spinal stenosis and placed Mr. Moffitt at maximum medical improvement on June 17, 2015. He assigned Mr. Moffitt a three-percent whole body impairment and continued his work restrictions.

Mr. Moffitt's back pain worsened when he started working additional hours in June 2015. He went to Dr. Duncan's walk-in clinic on June 29, 2015, and requested something for relief of his low-back pain. He also reported occasional right-arm pain. Dr. Duncan noted the right-arm pain was not work-related but recommended physical therapy. Allied did not approve the physical therapy.

Mr. Moffitt came to work on July 22, but his supervisor noticed he was in obvious pain, which appeared to prevent him from performing his light duty work. Mr. Hall told Mr. Moffitt to go home, take care of himself and to return to work when he was able.

2

Based on personal recommendations, Mr. Moffitt sought treatment from Dr. Morgan Lorio, who first saw Mr. Moffitt on July 24. Dr. Lorio's notes indicate that Mr. Moffitt injured his back and then "his neck started to bother him." He ordered an MRI, which indicated disc herniations at C4-5 and 6-7. Dr. Lorio fused both levels and continued treating Mr. Moffit until January 9, 2017.[1] Dr. Lorio later moved away.

During his cervical treatment by Dr. Lorio, Mr. Moffitt sought additional lumbar treatment because he was unsatisfied with Dr. Duncan's opinion. Allied sent Mr. Moffitt to Dr. Jim Brasfield on October 12, 2015, for a second opinion for his low back complaints. Dr. Brasfield ordered a nuclear bone scan, which was normal. However, he determined Mr. Moffitt would benefit from a facet injection, which eased the pain for a few days. Dr. Brasfield last saw Mr. Moffitt on March 28, 2016, and recommended a back brace and radiofrequency lesioning.

Mr. Moffitt's average weekly wage was $709.85, which provided a $473.26 compensation rate. Mr. Moffitt has not worked for any employer since July 22, 2015. Allied terminated Mr. Moffitt in November 2015 for absenteeism.

### Deposition Testimony

Dr. Duncan testified that Mr. Moffitt originally complained of leg and lumbar pain. He placed Mr. Moffitt at maximum medical improvement on June 17, 2015, and assigned him three percent whole-body impairment. Later Mr. Moffitt came to Dr. Duncan's walk-in clinic with continued low-back pain and new right arm pain. Dr. Duncan determined Mr. Moffitt suffered a non-work-related cervical spondylosis without myelopathy. He recommended physical therapy for the cervical issues. Dr. Duncan indicated he had not thoroughly reviewed Dr. Brasfield's notes or Dr. Lorio's records prior to his deposition. Additionally, the ones presented to him during the deposition were not complete. Based on his review of Dr. Lorio's notes during the deposition, Dr. Duncan could not causally relate Mr. Moffitt's cervical fusion to the work incident. Dr. Duncan thought Mr. Moffitt's cervical injury occurred without a specific injury.

Dr. Lorio assumed that Mr. Moffitt complained of right arm pain on the date he injured his low back. He performed a double-level cervical fusion and assigned Mr. Moffitt fifteen percent whole body impairment. He stated an MRI could indicate an acute injury, "Up to four months, maybe a little bit longer." During the deposition, he did not have all of his notes and the ones he had were incomplete, so parts of his testimony were from his recollection. He testified that someone with a herniated disc would feel pain within a couple of days. He related Mr. Moffitt's need for fusion surgery to the

---

[1] Prior to his surgery by Dr. Lorio, Mr. Moffitt sought treatment at Bristol Regional Medical Center (BRMC) on August 22, 2015, for severe neck pain and right-sided numbness.

workplace accident. He felt restrictions Dr. Anders placed on Mr. Moffitt were in part due to a cervical injury.

Dr. Brasfield acknowledged Allied only authorized him to treat Mr. Moffitt's lumbar complaints. He testified that a cervical disc herniation is very painful and patients often feel pain immediately or within two days. He noted that according to the medical records he had seen, Mr. Moffitt did not complain of arm pain until three months after the March 26 incident.

## Argument

Mr. Moffitt argued that he complained of both arm and back pain on the date of injury. He contended the work restrictions in Dr. Anders' notes correspond to both lumbar and cervical issues. He asserted Dr. Duncan could not understand the issue and that Dr. Brasfield was not authorized to treat his cervical pain. He argued Dr. Lorio considered all the information available and that he is the only expert to render a thorough decision on the causation of his cervical complaints. As such, in addition to the permanent partial disability benefits for his three percent lumbar injury, he requested permanent partial disability of fifteen percent to his whole body for his cervical injury. He also sought payment of past medical treatment with Dr. Lorio.[2] Additionally, Mr. Moffitt requested mileage reimbursement, discretionary costs and temporary disability benefits from his last day of work until January 7, 2017.[3]

Allied argued that Mr. Moffitt injured only his lumbar spine in March 2015. It pointed to the lack of any reference to arm or neck pain in MedWorks' and Dr. Duncan's notes for three months following the accident. Allied claimed that Dr. Duncan, as the authorized treating physician, is presumed correct about causation and that Dr. Lorio's opinion is not sufficient to overcome the presumption. Allied acknowledged that Mr. Moffitt is entitled to permanent partial disability for his lumbar injury but requested the Court deny benefits for his cervical complaints.

## Findings of Fact and Conclusions of Law

Mr. Moffitt bears the burden of proof on all essential elements of his claim and must establish by a preponderance of the evidence that he is entitled to the requested benefits. *Willis v. All Staff*, 2015 TN Wrk. Comp. App. Bd. LEXIS 42, at *18 (Nov. 9, 2015); *see also* Tenn. Code Ann. § 50-6-239(c)(6) (2017) ("[T]he employee shall bear the burden of proving each and every element of the claim by a preponderance of the evidence.").

---

[2] Mr. Moffitt did not submit any medical bills from Dr. Lorio.
[3] Mr. Moffitt did not submit mileage reimbursement documentation.

Prior to discussing the facts of the case, the Court notes that all the fact witnesses appeared credible. The physicians were equally qualified to render expert medical testimony. However, after a thorough review of the depositions, it is clear that Drs. Duncan, Lorio and Brasfield either did not have or thoroughly review the other physicians' notes before their deposition.[4] Thus, the attorneys asked the physicians to give opinions without providing them a complete picture of facts. As such, their opinions concerning each other's care or that of Dr. Anders is unpersuasive. In the end, Dr. Duncan's opinion is presumed correct on causation and Dr. Lorio's opinion failed to rebut Dr. Duncan's opinion by the preponderance of the evidence. *See* Tenn. Code Ann. § 50-6-102 (14)(E) (2015).

Although Mr. Moffitt believes he told his co-workers as well as Drs. Anders and Duncan early in his treatment that his arm was hurting, the facts do not bear that out. His co-workers denied he mentioned it, and neither Dr. Anders' notes nor Dr. Duncan's early notes mention arm pain. Mr. Moffitt spent a significant amount of time trying to assert Dr. Anders' restrictions were at least in part cervical in nature, but he failed to present any testimony from Dr. Anders to support his theory. Rather, the proof indicated that Mr. Moffitt first complained of arm pain in the June 2015 walk-in appointment with Dr. Duncan, some three months after his injury. Dr. Duncan determined Mr. Moffitt's arm pain was not work-related.

Dr. Lorio related Mr. Moffitt's arm pain to the work incident, but the Court is not persuaded by his opinion. His first note indicated Mr. Moffitt began to have neck pain after the back pain. Dr. Lorio testified that a person that suffered an injury like Mr. Moffitt had would feel pain within a few days. Mr. Moffitt, however, worked for three months until he reported arm pain to Dr. Duncan.

Dr. Brasfield agreed with Dr. Lorio that Mr. Moffitt would have felt arm pain from his cervical injury soon after the incident occurred. Based on the records he reviewed, Dr. Brasfield did not believe Mr. Moffitt injured his cervical spine when he injured his low-back.

Mr. Moffitt asserted that pain from his lumbar injury masked the pain from his cervical until later. But in his case, he began feeling the pain three months later, when the experts stated the pain would have occurred almost immediately.

The Court must use its discretion in accepting one expert opinion over another when faced with conflicting medical testimony and may consider whichever opinion contains the more probable explanation. *Sanker v. Nacarato Trucks, Inc.,* 2016 TN Wrk. Comp. App. Bd. LEXIS 27, at *12 (July 6, 2016). Dr. Duncan's and Brasfield's

---

[4] Dr. Duncan's records were hard to follow by date, and Dr. Lorio's records lacked all information contained in the originals.

testimony is more plausible. Taken as a whole, Dr. Lorio's causation opinion does not overcome the presumption given to Dr. Duncan.

Thus, the Court holds Mr. Moffitt is entitled to temporary total disability benefits for his lumbar injury in the amount of thirteen and a half weeks or $6,389.01. Allied previously advanced $4056.52, leaving a remaining balance of $2,332.49. Mr. Moffitt's initial period of benefits began on June 18, 2015, and ended thirteen and a half weeks later on September 21, 2015. On that date, he was still recovering from his cervical fusion surgery. Mr. Moffitt is not entitled to increased benefits because his non-work-related cervical injury caused his absences and subsequent termination from work. Allied provided Mr. Moffitt light-duty work until he was forced to seek treatment for his cervical injury.

### Alternative Findings of Fact

Solely in the event that an appellate body finds error in the compensability holding and concludes Mr. Moffitt is entitled to benefits related to his cervical injury, the Court makes the following findings of fact for the purpose of judicial economy.[5]

Mr. Moffitt is entitled to temporary partial disability benefits from June 24, 2015, until January 9, 2017, which represents seventy-nine weeks and five days in the amount of $37,725.59. Mr. Moffitt is entitled to an additional award for permanent partial disability for his cervical injury in the amount of sixty-seven weeks of benefits (fifteen percent whole body impairment) or $31,708.42. Mr. Moffitt is entitled to future medical treatment for his cervical injury. Because Dr. Lorio moved from the area, Allied shall provide Mr. Moffitt a panel of physicians from which he shall choose an authorized physician. Mr. Moffitt is not entitled to payment of medical bills or mileage for treatment with Dr. Lorio because he did not make them an exhibit for the Court to consider.

**IT IS, THEREFORE, ORDERED** as follows:

1. Allied shall continue to provide Mr. Moffitt with medical treatment made reasonably necessary by the March 29, 2015 injury under Tennessee Code Annotated section 50-6-204(a)(1). Dr. Richard Duncan is designated the authorized treating physician.

---

[5] *See Cunningham v. Shelton Sec. Serv.*, 46 S.W.3d 131, 137-138 (Tenn. 2001). (Trial courts should "hear the entire case and make appropriate findings of fact, and alternative findings when necessary, for appellate review.")

2. Allied shall pay Mr. Moffitt permanent partial disability benefits for a three-percent impairment rating to the body as a whole in the amount of $6,389.01. Allied is given a credit of $4,056.52, leaving a remaining balance of $2,332.49. Mr. Moffitt is not entitled to an increased award of permanent benefits.

3. Mr. Roberts, Mr. Moffitt's attorney, is entitled to an attorney fee of twenty percent of Mr. Moffitt's total award, or $1,277.80, plus expenses, to be paid from Mr. Moffitt's award.

4. Costs of $150.00 are assessed against Allied under Tennessee Compilation Rules and Regulations 0800-02-21-.07 (2016), to be paid within five days of this Order becoming final.

5. Allied shall prepare and file a statistical data form within ten business days of the date of this Order under Tennessee Code Annotated section 50-6-244.

6. Absent an appeal of this order by either party, the order shall become final thirty days after issuance.

It is so **ORDERED.**

**ENTERED this the 15th day of December, 2017.**

/s/ **Brian K. Addington**
**BRIAN K. ADDINGTON, JUDGE**
Court of Workers' Compensation Claims

**Exhibits**

1. Deposition of Dr. Richard Duncan and Collective Exhibits
2. Deposition of Dr. Morgan Lorio and Collective Exhibits
3. Deposition of Dr. Jim Brasfield and Collective Exhibits
4. Mr. Moffitt's 2015 attendance record
5. Worker's Compensation Medical Treatment Refusal Form
6. March 27, 2015 absence report

7

## Technical Record

1. Petition for Benefit Determination
2. Dispute Certification Notice
3. Request for Expedited Hearing
4. Allied's Response to Expedited Hearing
5. Motion for Partial Summary Judgment
6. Statement of Undisputed Facts in Support of Partial Summary Judgment
7. Motion for Extension of Time
8. Agreed Order to Continue Hearing
9. Mr. Moffitt's Response to ER's Statement of Facts
10. Mr. Moffitt's Concise Statement of Additional Material Facts
11. Mr. Moffitt's Response to Motion for Summary Judgment
12. Allied's Reply to Mr. Moffitt's Response to Motion for Summary Judgment
13. Allied's Response to Concise Statement of Additional Material Facts
14. Order Denying Allied's Motion for Partial Summary Judgment
15. Post Discovery Dispute Certification Notice
16. Request for Scheduling Hearing
17. Scheduling Hearing Order
18. Allied's Motion for Extension of Time
19. Order Granting Motion for Extension of Time
20. Mr. Moffitt's Pre-Hearing Statement
21. Mr. Moffitt's Witness and Exhibit List
22. Notice of Filing Deposition of Dr. Lorio and Dr. Brasfield
23. Notice of Filing of Deposition of Mr. Moffitt
24. Motion In Limine-Dr. Lorio
25. Motion In Limine-Dr. Duncan
26. Allied's Witness and Exhibit List
27. Medical Records Submitted by Allied
28. Allied's Pre-Hearing Brief (Incl. Exhibits and Case Law)
29. Notice of Filing of Deposition of Dr. Brasfield
30. Allied's Supplement to Pre-Hearing Brief
31. Mr. Moffitt's Response to Motion in Limine-Dr. Lorio
32. Mr. Moffitt's Response to Motion in Limine-Dr. Duncan

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Compensation Hearing Order was sent to the following recipients by the following methods of service on this the 15th day of December, 2017.

| Name | Certified Mail | Fax | Via Email | Service sent to: |
|---|---|---|---|---|
| Larry V. Roberts, Esq., **Employee's Attorney** | | | X | larry.roberts@larryvroberts.com susan.elliott@larryvroberts.com |
| Brent Laman, Esq., **Employer's attorney** | | | X | brlaman@mijs.com |

**PENNY SHRUM, COURT CLERK**
Court of Workers' Compensation Claims
WC.CourtClerk@tn.gov